OPINION
{¶ 1} Appellant Thomas W. Pruitt, Jr. appeals his conviction for driving under an FRA suspension in the Mount Vernon Municipal Court, Knox County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On or about February 24, 2004, at around midnight, Officer Mark Perkins of the Mount Vernon Police Department spotted a black 1991 Chevrolet Blazer driving eastbound on West Gambier Street in the City of Mount Vernon. The officer then observed the vehicle turn southbound on Mechanic Street and pull into the rear of a closed business, Rookie's Bar. Although the vehicle committed no moving violation, the officer later testified that the parking of the vehicle behind a closed business seemed suspicious. The officer drove by the vehicle's parked location and noticed that the driver was wearing a red hat and a red and white jacket, but the officer could not make out a face. He did not notice if anyone else was in the vehicle other than the driver. The officer then continued his investigation as the vehicle immediately left the parking lot and momentarily eluded him for less than one minute. The officer then re-discovered the vehicle parked behind an apartment building. The officer did not see the vehicle come to a stop, but he claimed to have seen appellant exiting the driver's side of the vehicle with the ignition key in his hands. The officer then approached appellant, whom he knew by sight, and arrested appellant for driving under an FRA suspension. The officer recalled that appellant was wearing an Ohio State jacket and hat. Appellant claimed not to be the driver of the vehicle and claimed to be walking to a friend's house just a few yards away.
 {¶ 3} Appellant's Request for Discovery was filed on March 15, 2004. A bench trial was held on March 31, 2004.
 {¶ 4} During the state's case-in-chief, the prosecutor called Officer Perkins as her sole witness. During re-direct, the officer explained that he left out mention in his incident report of a dispatcher who was riding with him in the cruiser on February 24, 2004, "[q]uite frankly because the City doesn't want us to involve dispatchers" in law enforcement activities. Tr. at 24. After the testimony of the officer, appellant entered an oral objection and motion for a mistrial, or in the alternative, a motion to dismiss, arguing that the existence of the dispatcher at the scene had not been disclosed to the defense, despite appellant's written discovery request. The motions were overruled, and the defense proceeded. Appellant's counsel called Levi Conn to the stand, who testified that he was actually the driver of the Blazer, and that appellant was merely a passenger. Nonetheless, appellant was ultimately found guilty by the court, and sentenced to thirty days in jail.
 {¶ 5} Appellant timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. The trial court abused its discretion when, upon objection, it failed to cure the state's admitted discovery violation.
 I. {¶ 7} In his sole Assignment of Error, appellant argues the trial court erred in ruling on the alleged discovery violation regarding the potential witness, the "ride-along" police dispatcher. We disagree.
 {¶ 8} Crim.R. 16(B)(1)(f) reads: "Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. * * *." In Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215, the United States Supreme Court held that the "[s]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." To establish a violation, a defendant must prove that the prosecution failed to disclose evidence upon request, the evidence was favorable to the defense, and the evidence was material. State v. Garn (Feb. 21, 2003), Richland App. No. 02CA45, citing Moore v. Illinois (1972), 408 U.S. 786,92 S.Ct. 2562, 33 L.Ed.2d 706. "[T]he test of Brady materiality is whether there exists a reasonable probability that the result would have been different had the evidence been disclosed to the defense." State v. Franklin, Montgomery App. No. 19140, 2002-Ohio-6193, citing State v. LaMar (2002),95 Ohio St.3d 181, 187, 2002-Ohio-2128.
 {¶ 9} A trial court has discretion to determine what sanction is appropriate when the state fails to disclose discoverable material. State v. Wiles (1991), 59 Ohio St.3d 71, 78,571 N.E.2d 97; State v. Parson (1983), 6 Ohio St.3d 442, 445,453 N.E.2d 689. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In the case sub judice, the court made the following observation upon appellant's motion for a mistrial and/or motion to dismiss:
 {¶ 10} "THE COURT: Well I know what to make of it. Part of the tes — officer's observations were in the rearview mirror, and if he's in — I'm assuming he was driving the cruiser if he's looking in a rearview mirror and seeing things, I'm certain the passenger didn't see them, and I think what we'd hear here is the passenger said, `I don't know, I don't know, I don't know, I didn't see, I didn't see, I didn't see.' Until you can come up with some information that indicates that that's the — the passenger's gonna say other than that, I'm, I'm — we're wasting time. Your motion's overruled." Tr. at 30.
 {¶ 11} While this Court has emphasized its aversion to "encourag[ing] sluggish discovery tactics by any litigant * * *" (see State v. Curry (Sept. 22, 1999), Licking App. No. 99CA40), upon review of the record in this matter, we are unable to find an abuse of discretion in the trial court's handling of the alleged discovery failure at issue. While the dispatcher arguably could have observed the driver of the Blazer on the night in question, under these circumstances what he would have testified to is wholly speculative, even before the issue of materiality is reached. The Brady rule "does not entail the allowance of pure conjecture; the effect must be assessed `* * * with an awareness of the difficulty of reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense * * *' been supplied with the statement." State v.Evans (Oct. 29, 1998), Cuyahoga App. No. 72330, citing UnitedStates v. Bagley (1985), 473 U.S. 667, 676.
 {¶ 12} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed. Costs to appellant.